**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTEMIO ANGUIANO-SANCHEZ, : | |
| : | Civil Action No. 12-0477 (RMB) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| DONNA ZICKEFOOSE, Warden, : | |
| : | |
| Respondent. : | |

**APPEARANCES:**

Petitioner pro se
Artemio Anguiano-Sanchez
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**BUMB**, District Judge

   Petitioner Artemio Anguiano-Sanchez, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]  The sole respondent is Warden Donna Zickefoose.

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

On September 3, 2008, Petitioner was convicted in the United States District Court for the Southern District of New York of Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 846, and was sentenced to a term of imprisonment of 135 months.  The Judgment included a recommendation that the Bureau of Prisons consider incarcerating Petitioner near Sun Valley, California, where his family resides. See United States v. Anquiano-Sanchez, Criminal No. 07-0151 (S.D.N.Y.) (Docket Entry No. 118).

The Bureau of Prisons designated Petitioner to the Federal Correctional Institution at Fort Dix, New Jersey, and denied Petitioner's subsequent request for a transfer to a California

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

institution, in part because federal immigration authorities had submitted to the Bureau of Prisons an Immigration Detainer Notice of Action, dated September 5, 2008.  Petitioner asserts that he has exhausted his administrative remedies.[2]

Here, Petitioner challenges the denial of his request for a transfer to a correctional facility located in California, near his family.  Petitioner asserts that it was an abuse of discretion for the Bureau of Prisons to ignore the recommendation of the sentencing judge.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be

---

[2] According to the various responses to Petitioner's administrative remedies, attached to the Petition, because of the Immigration Detainer, Petitioner has a Public Safety Factor of "Alien."  The responses to Petitioner's administrative remedies state that, according to Bureau of Prisons policies, such inmates will not be transferred for "nearer release purposes," because they are not expected to be returning to their communities.

construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III. ANALYSIS

A. Jurisdiction

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 544 U.S. 74 (2005). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulted in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence, in order that state and federal sentences could run concurrently).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. Distinguishing Woodall, the Court of Appeals has held that a challenge to a garden-variety transfer decision is not cognizable in habeas. See Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007). In Ganim, as here, the prisoner challenged the denial of a transfer

to a facility nearer his family, allegedly contrary to the recommendation of the sentencing judge. Accordingly, as in Ganim, this Court lacks jurisdiction, in habeas, to consider Petitioner's challenge to his place of confinement.

B.  Petitioner's Place of Confinement

In any event, however, to the extent this Court could exercise jurisdiction over Petitioner's claim, it is meritless. See Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172, 175, 2007 WL 1031279 (3d Cir. 2007) (considering viability of claims under civil rights, injunctive relief, and mandamus theories after determining that claims were not cognizable in habeas).

With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt v. Helms, 459 U.S. 460, 468 (1983), and Sandin v. Conner, 515 U.S. 472, 480 (1995).

Governments may confer on prisoners liberty interests that are protected by the Due Process Clause. "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own

6

force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "atypical and significant hardships" in which a state conceivably might create liberty interest). See also Asquith v. Department of Corrections, 186 F.3d 407, 411-12 (3d Cir. 1999) (return to prison from halfway house did not impose "atypical and significant hardship" on prisoner and, thus, did not deprive him of protected liberty interest).

It is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement. See, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983); Hewitt, 459 U.S. at 466-67; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye, 427 U.S. at 242. Accordingly, an inmate has no liberty interest in assignment to an institution near his family. Becerra v. Miner, 248 Fed.Appx. 368, 370 (3d Cir. 2007). Similarly, the assignment of an "Alien" Public Safety Factor, with any negative collateral consequences, does not deprive a prisoner of any liberty interest. Id.

IV. CONCLUSION

For the reasons set forth above, the Petition will be dismissed for lack of jurisdiction or, in the alternative, denied.  An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: January 29, 2013